DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, CMK, Ltd. and Riverside Development, Inc. (collectively referred to as "Petitioners"), appeal from the decision of the Lorain County Court of Common Pleas which affirmed the ruling of the Lorain County Board of Commissioners ("the Board"). We affirm.
 I. {¶ 2} On October 25, 2001, Petitioners submitted a petition for annexation to the Board to annex approximately 53 acres of land from Columbia Township to the City of Strongsville. The proposed annexation would result in the creation of four peninsulas of land remaining in the township that would be surrounded by the City of Strongsville on three sides. The Board held a public hearing on January 17, 2002. The Board subsequently denied Petitioners' proposed annexation, finding that the territory was unreasonably large and that the general good of the territory would not be served if the petition was granted. Petitioners appealed the Board's decision to the Lorain County Court of Common Pleas, which affirmed the denial of the annexation. It is from this decision that Petitioners appeal.
 {¶ 3} Petitioners assert two assignments of error. We will address the assignments of error together to facilitate review.
 II. First Assignment of Error
"The Trial Court's Affirmative Of The Majority Of The Lorain County Board Of Commissioners' Denial Of The Annexation Petition Filed By The Sole Owners Of The Property To Be Annexed, Which Property Consisted Of Only 53 Acres And Shares A 1240 Feet Contiguous Border With The City Of Strongsville. As A Matter Of Law, Constitutes An Abuse Of Its Discretion, And Is Contrary To The Manifest Weight Of The Evidence." [sic.]
 Second Assignment of Error
"The Trial Court's Affirmance Of The Boeard Of Commissioners' 2-1 Denial Of Sole Owners' Annexation Petition Is Error Because By A Preponderance Of Reliable Substantial And Probative Evidence In The Record." [sic.]
 {¶ 4} In their first assignment of error, the Petitioners assert that the trial court's decision to affirm the Board's denial of the annexation petition constitutes an abuse of discretion as a matter of law and is against the manifest weight of the evidence. In their second assignment of error, Petitioners assert that the trial court's decision is not supported by a preponderance of reliable, substantial and probative evidence in the record. We disagree.
 {¶ 5} An order denying a petition to annex a property may be appealed pursuant to R.C. 2506.01. Smith v. Granville Twp. Bd. ofTrustees (1998), 81 Ohio St.3d 608, 612. The scope of review by a court of such an administrative order is defined in R.C. 2506.04, which states:
"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."
 {¶ 6} The administrative ruling is initially appealed to the court of common pleas, which weighs the evidence in the record and may consider new or additional evidence. Smith, 81 Ohio St.3d at 612, citingDudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207. The decision of the court of common pleas may then be appealed to an appellate court on questions of law. Id. at 613. An appellate court's function, however, does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61 Acres, (1984),14 Ohio App.3d 231, 233. This Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34; see, also, Dudkovich, 58 Ohio St.2d at 208.
 {¶ 7} The applicable statute governing annexations provides that the board of county commissioners shall hold a hearing on the petition to annex and allow the annexation if it finds that:
"(A) The petition contains all matter required in section 709.02 of the Revised Code.
"(B) Notice has been published as required by section 709.031 of the Revised Code.
"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.
"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 of the Revised Code.
"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.033.[1]
 {¶ 8} The statute provides that, before an annexation petition may be granted, the board must make all of the prescribed findings. In the present case, the Board found that the territory is unreasonably large and the general good of the territory will not be served if the petition is granted. Consequently, the Board denied the petition.
 {¶ 9} In determining the general good of the property to be annexed, the choice of the property owner is a key factor. Smith,81 Ohio St.3d at 614. When considering whether an area to be annexed is unreasonably large, a board should consider the following:
"(1) the geographic character, shape, and size of the territory to be annexed in relation to the territory to which it will be annexed, and in relation to the territory remaining after the annexation is completed; (2) the ability of the annexing city to provide the necessary municipal services to the added territory; and (3) the effect on remaining township territory if annexation is permitted." In re: The Proposed Annexation of222.71 Acres (Sept. 12, 2001) 9th Dist. No. 20563, citing In re:Annexation of 1,544.61 Acres, 14 Ohio App.3d at 233.
 {¶ 10} In support of its finding that the territory was unreasonably large, the Board found that the "zigzag shape" of the territory, due to the creation of four peninsulas, would have a detrimental impact upon the territory to be annexed. The Board cited difficulties in controlling surface water drainage; confusion in provision of emergency services; unnecessary duplication in the installation of sanitary sewer lines, water, and other utility services, which may lead to disputes; and complexities in addressing houses in and out of the township and city.
 {¶ 11} In addition to being unreasonably large, the Board also found that the general good of the territory would not be served by annexation. In support of this finding, the Board stated that the two reasons cited for annexing to the City of Strongsville, namely, accessibility of sewers and higher density in zoning, would soon be available within the township. Further, accessibility to sewers and a change in zoning were not necessarily available upon annexation to the City of Strongsville.
 {¶ 12} Petitioners argue on appeal that the preponderance of the evidence does not support the trial court's decision to uphold the Board's denial of the petition. In order for this Court to review Petitioners' claims, the evidence supporting the alleged facts must be in the record. In their brief, Petitioners point to pages in the record and exhibit numbers supporting their arguments; however, Petitioners have not provided this Court with the exhibits or the transcript from the administrative hearing. The Petitioners' docketing statement in this Court states that the record will consist of the original papers, exhibits and a certified copy of the docket and journal entries. Beneath this typed portion of the docketing statement is a handwritten sentence which states "and transcript of county administrative hearing which is part of the lower court record." Neither the exhibits, nor a transcript of the administrative hearing are present in the record on appeal.
 {¶ 13} Petitioners have the burden of supplying the record which demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156; see, also, App.R. 9(B). In addition, Loc.R. 5(A) states that "it is the duty of the appellant to arrange for the timely transmission of the record, * * * and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." When an appellant's assignment of error is dependent upon evidence that is admitted in the trial court, but that is not included in the record on appeal, the judgment of the trial court carries with it the "presumption of validity." Toledo Trust Co. v. SantaBarbara Found. (1987), 32 Ohio St.3d 141, 144, citing, Ford v. IdealAluminum, Inc. (1966), 7 Ohio St.2d 9, 13. As there is no evidence in the record to refute the Board's findings, we must presume regularity in the trial court. Consequently, we cannot say that the decision of the trial court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil, 12 Ohio St.3d at 34. Petitioners' assignments of error are overruled.
 III. {¶ 14} Petitioners' assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J., BAIRD, J. CONCUR
[1] The current version of R.C. 709.033 was effective October 26, 2001. Petitioners filed their petition on October 25, 2001; therefore, we apply the previous version of the statute.