DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Robert Franklin Moore, Jr., appeals from the decision of the Lorain County Court of Common Pleas. We affirm.
 {¶ 2} On May 20, 1998, Mr. Moore was indicted on four counts of rape, in violation of R.C. 2907.02(A)(1)(b); and eight counts of sexual battery, in violation of R.C. 2907.03(A)(5), with two sexually violent predator specifications. Thereafter, Mr. Moore filed a motion for acquittal on all counts, which the trial court granted for six of the eight sexual battery counts, and denied with respect to all four rape counts and the first two sexual battery counts, pursuant to Crim.R. 29. Mr. Moore pled not guilty to all the remaining charges. On March 3, 2000, a jury found him guilty of two counts of rape and two counts of sexual battery. After a hearing, Mr. Moore was found to be a sexually oriented offender. The trial court sentenced him accordingly.
 {¶ 3} On September 5, 2000, Mr. Moore filed a timely appeal of his conviction and sentencing, and this Court affirmed the trial court's decision. State v. Moore (Feb. 7, 2001), 9th Dist. No. 00CA007587. On May 13, 2003, Mr. Moore filed a delayed motion for new trial pursuant to Crim.R. 33(B), which the trial court denied. It is from this decision that Mr. Moore now appeals.
 {¶ 4} Mr. Moore asserts one assignment of error.
 Assignment of Error
"The sole assignment of error, appellant asserts the trial court erred by denying his motion for a new trial pursuant to Crim.R. 33." [sic.]
 {¶ 5} In his sole assignment of error, Mr. Moore asserts that the trial court erred when it denied his motion for a new trial. We disagree.
 {¶ 6} Mr. Moore sets forth several grounds to support his assertion. First, he contends that the trial court abused its discretion when it allowed the trial to continue despite its knowledge of allegations of misconduct during and before trial, specifically, that the victim-witness was harassed and coerced to testify by the assistant prosecutor and lead detective. Second, Mr. Moore claims that, pursuant to Crim.R. 33, his motion for a new trial should have been granted because of new evidence that he claims to not have discovered until after the judgment in March 2000. Mr. Moore asserts that this new evidence would have supported a reversal of his conviction.
 {¶ 7} An appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts. (Jan. 22, 1992), 9th Dist. No. 15156; see, also, App.R. 9(B). In addition, Loc.R. 5(A) states that "it is the duty of the appellant to arrange for the timely transmission of the record, * * * and to ensure that the appellate court file actually contains all parts of the record that are necessary to the appeal." When an appellant's assignment of error is dependent upon evidence that was admitted by the trial court but not included in the record on appeal, the judgment of the trial court carries with it a "presumption of validity." Toledo Trust Co. v. Santa BarbaraFound. (1987), 32 Ohio St.3d 141, 144, citing Ford v. Ideal Aluminum,Inc. (1966), 7 Ohio St.2d 9, 13.
 {¶ 8} In his brief, Mr. Moore refers to a transcript of the trial court proceedings as well as various medical findings. The docketing statement indicates that the record on appeal was only to consist of original papers, exhibits, and a certified copy of the journal entries; but it does not specify that the record will contain either a partial or full transcript of the proceedings. Neither the transcript nor any medical reports were submitted to this Court by Mr. Moore to be part of the record. As there is no evidence in the record to refute the trial court's denial of the motion for a new trial, we must presume regularity in the trial court. See Toledo Trust Co., 32 Ohio St.3d at 144. Consequently, this Court is compelled to find that the trial court did not err in denying Mr. Moore's motion for a new trial.
 {¶ 9} In addition, we note that Mr. Moore's motion for a new trial was untimely. Crim.R. 33(B) states that a motion for a new trial must be filed within 14 days of the verdict rendered, and that a motion for new trial based on the discovery of new evidence is to be filed within 120 days of the verdict. Mr. Moore filed his motion for a new trial based on trial court error and the discovery of new evidence in May 2002, well exceeding 120 days after the jury verdict that was entered on February 22, 2000.
 {¶ 10} Mr. Moore's sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J. concurs.
CARR, J. concurs in judgment only.