Decision and Journal Entry
{¶ 1} Appellant, Michael J. Calvaruso, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which ordered appellee, Amy Calvaruso, to pay child support in the amount of $100 per month. This Court affirms in part, reverses in part, and remands.
 I. {¶ 2} Appellant and appellee were married on May 27, 1995. Two children were born of the marriage; Anthony Pius Calvaruso, born October 21, 1995, and Catherine Anne Calvaruso, born April 11, 1997.
 {¶ 3} On August 7, 2000, the marriage was dissolved. Appellant was designated the residential parent of both minor children. Appellant and appellee were each ordered to pay 50% of the out of pocket health care expenses for the children.
 {¶ 4} On October 24, 2001, appellee filed a motion for reallocation of parental rights and responsibilities and a modification of child support. Initially, appellant declined to seek child support. However, on October 25, 2001, appellant filed a motion for child support for both children. The trial court denied appellee's motion for reallocation of parental rights in an entry journalized on July 29, 2002, and set a hearing date of September 5, 2002, for appellee's motion for modification of child support.
 {¶ 5} The trial court held a hearing on the issue of child support on September 5, 2002. The magistrate's decision was issued on September 18, 2002. The decision granted appellee's request for a deviation and ordered appellee to pay child support in the amount of $100 per month. Appellant was ordered to maintain health insurance for the children. In addition, the magistrate's decision ordered appellant to pay the first $100 of out of pocket health care expenses for each child, then 65% thereafter. Appellee was ordered to pay 35% of out of pocket health care expenses for each child after the first $100.
 {¶ 6} On September 25, 2002, appellant filed timely objections to the magistrate's decision. On October 3, 2002, appellee filed a motion to dismiss objections. Appellant filed a supplemental brief on October 23, 2002. Appellee filed a responsive brief on November 1, 2002. On December 16, 2002, the trial court denied appellant's objections and adopted the magistrate's decision as the order of the court.
 {¶ 7} Appellant timely appealed, setting forth five assignments of error for review. The assignments of error have been rearranged to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"The Trial Court Erred In Granting A Deviation From Guideline Child Support To Appellee."
 THIRD ASSIGNMENT OF ERROR
"The Trial Court Erred When It Granted Appellee A Deviation From Guideline Support As It Did not Explain Or Show Evidence Of Why Standard Support is Not In The Best interest Of The Children And In Not Explaining Or showing Proof Of Why $100.00 Per Month Is The Appropriate Amount Of Child Support."
 {¶ 8} In appellant's first and third assignments of error, he argues that the trial court erred in deviating from the child support guidelines. This Court agrees.
 {¶ 9} A trial court possesses considerable discretion in decisions regarding child support obligations, and such decisions will be reversed only upon finding an abuse of discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
"[A] trial court may deviate from the amount of child support prescribed by use of the basic child support order and worksheet if (1) it finds that the amount determined under the schedule is unjust or inappropriate; (2) it finds that the child support amount calculated under the child support schedule would not be in the best interest of the child; and (3) it states its findings of fact that support its determination. [R.C. 3119.22]; McClaskey v. Weaver (May 30, 2001), 9th Dist. No. 20341." Carter v. Carter, 9th Dist. No. 21156, 2003-Ohio-240, at ¶ 24.
 {¶ 10} The statutory criteria a trial court may consider in determining whether to deviate from a child support schedule are:
"(A) Special and unusual needs of the children;
"(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
"(C) Other court-ordered payments;
"(D) Extended parenting time or extraordinary costs associated with parenting time, provided that [R.C. 3119.23] does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
"(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
"(F) The financial resources and the earning ability of the child;
"(G) Disparity in income between parties or households;
"(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
"(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
"(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
"(K) The relative financial resources, other assets and resources, and needs of each parent;
"(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
"(M) The physical and emotional condition and needs of the child;
"(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
"(O) The responsibility of each parent for the support of others;
"(P) Any other relevant factor." R.C. 3119.23.
 {¶ 11} In his first and third assignments of error, appellant argues that the trial court erred in granting a deviation from the child support guidelines because it did not comply with R.C. 3119.22. Specifically, appellant avers that the trial court failed to state its findings of fact to support its decision that a deviation was in the best interest of the children and what factors it used to determine that such deviation was warranted. While the trial court's entry does not expressly address the best interest of the children, the trial court does find that the magistrate's decision to deviate was supported by the record. The magistrate, in turn, specifically found that: "Guideline child support is unjust, inappropriate, and not in the best interest of the children. There is a significant disparity in the parties' incomes. * * * This is clearly unsustainable." Consequently, the trial court adopted the best interest analysis of the magistrate in finding that the record supported the deviation.
 {¶ 12} Appellant also argues that the trial court erred by including the amount of child support appellant was to receive from appellee in the computation of his income. In its journal entry, the trial court states: "After the withholding of taxes and the exchange of child support, Father has more than double the income of mother." Whether there is a disparity in income between parties or households is a factor the court may consider when determining whether a deviation from the child support guidelines is warranted. R.C. 3119.23(G). However, the amount of child support a residential parent receives from the nonresidential parent should not be included in the residential parent's income for purposes of determining whether a deviation in the nonresidential parent's child support obligation is warranted. R.C. 3119.022 contains the child support worksheet that is to be used when one parent is designated the residential parent and legal custodian of the children that are subject to the child support order. There is no provision in R.C. 3119.022 for including the child support one party receives from the other party in the child support proceeding as part of their income. Therefore, when considering a party's income pursuant to R.C. 3119.23(G), the trial court may not consider as income the amount of child support a residential parent receives from the nonresidential parent. Appellant's first and third assignments of error are sustained.
 SECOND ASSIGNMENT OF ERROR
"The Trial Court Erred By Accepting Appellee's Financial Affidavit And In Granting A Deviation Based Upon Information Contained Within It."
 {¶ 13} Appellant argues in his second assignment of error that the court erred in basing its decision to deviate from the child support guidelines on incomplete and outdated affidavits of income and expenses from appellee. This Court disagrees.
 {¶ 14} Appellant references an affidavit submitted by appellee dated January 15, 2002. However, the record before this Court does not contain such a document. An appellant has the burden to supply the record that demonstrates the error on appeal. Reese v. Village of Boston Hts.
(Jan. 22, 1992), 9th Dist. No. 15156; see, also, App.R. 9(B). In addition, Loc.R. 5(A) states that "[i]t is the duty of the appellant to arrange for the timely transmission of the record, * * * and to ensure that the appellate court file actually contains all parts of the record that [are] necessary to the appeal." When an appellant's assignment of error is dependent upon evidence that was admitted by the trial court but not included in the record on appeal, the judgment of the trial court carries with it a "presumption of validity." Toledo Trust Co. v. SantaBarbara Found. (1987), 32 Ohio St.3d 141, 144, citing Ford v. IdealAluminum, Inc. (1966), 7 Ohio St.2d 9, 13.
 {¶ 15} Appellant also references an affidavit submitted by appellee dated October 24, 2001. Appellant argues that this affidavit is incomplete and not current. The trial court's order stating the amount of appellee's child support obligation was journalized on December 16, 2002. It is not clear from the record whether the trial court considered the affidavit submitted by appellee dated October 24, 2001, in determining whether a deviation was warranted. The record shows that additional evidence was presented by both appellant and appellee on the day of the child support hearing regarding their current income. Furthermore, appellant has not demonstrated that the information contained in the October 24, 2001 affidavit submitted by appellee was incomplete and/or inaccurate. Appellant's second assignment of error is, therefore, overruled.
 FOURTH ASSIGNMENT OF ERROR
"The Trial Court Erred In Claiming It Had Insufficient Evidence Of Household Income And In Not Considering Household Income Before Granting A Deviation From Guideline Support.
 {¶ 16} In his fourth assignment of error, appellant alleges that the trial court erred in not requesting additional information regarding the breakdown of household expenses between appellee and her live-in boyfriend. R.C. 3119.23 states, in pertinent part:
"The court may consider any of the following factors in determining whether to grant a deviation pursuant to section 3119.22 of the Revised Code:
"(G) disparity in income between parties or households[.]"
 {¶ 17} The language of R.C. 3119.23(G) makes it clear that the court may consider whether there is a disparity in income between parties or a disparity in households. However, the court is not required to consider whether a disparity in income exists. The trial court stated in its journal entry that it was comparing only the income of the parties. Given the language of R.C. 3119.23(G), this Court cannot say that the trial court abused its discretion in failing to consider the income of appellee's live-in boyfriend. Furthermore, this Court notes that the record reveals that appellant also shares living expenses with another person. It is clear from the record that the trial court did not take this into consideration for either appellant or appellee. Appellant's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR
"The Trial Court Erred In Reducing Appellee's Responsibility For Out Of Pocket Health Care Expenses.
 {¶ 18} Appellant argues in his fifth assignment of error that the trial court erred by reducing appellee's responsibility for out of pocket health care expenses.
 {¶ 19} This Court notes that appellant has failed to cite any applicable case law on this issue. See Tallmadge v. Cover, 9th Dist. No. 21492, 2003 Ohio 3786, at ¶ 4 (declining to address the appellant's assignment of error because he failed to cite law applicable to the assigned error). As such, appellant has "failed to provide citations to authorities supporting his assignments of error and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6)." Id. Appellant had the burden of affirmatively demonstrating error on appeal. See Angle v. Western ReserveMut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecska v. Frecska
(Oct. 1, 1997), 9th Dist. No. 96CA0086. Furthermore, "if an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673. Accordingly, as appellant has failed to set forth any legal error in his fifth assignment of error, this Court declines to address it. Appellant's fifth assignment of error is, therefore, overruled.
 III. {¶ 20} Appellant's first and third assignments of error are sustained. Appellant's second, fourth and fifth assignments of error are overruled. The judgment of the trial court is affirmed in part, reversed in part, and the case remanded to the trial court for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
SLABY, P.J. BAIRD, J. CONCUR