DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the Tax Commissioner of New York State, appeals the decision of the Medina County Court of Common Pleas granting Appellee's, Special Service Transportation, Inc., motion to cancel foreign judgment. We affirm.
 {¶ 2} On or about October 4, 1999, the New York State Department of Taxation and Finance filed a Tax Warrant with the Clerk of Courts of Albany County, New York, against Appellee in the amount of $41,274.59. On November 13, 2003, Appellant filed with the Medina County Court of Common Pleas, a praecipe to issue notice of filing of foreign judgment. Appellant filed a copy of the warrant along with an affidavit indicating that the warrant was a true and correct copy of the warrant filed with the Albany County Clerk's office in New York.
 {¶ 3} On November 14, 2003, the Medina County Clerk of Courts issued notice to Appellee of the filing of the foreign judgment. On June 4, 2004, Appellee filed a motion to cancel foreign judgment. After a hearing on August 19, 2004, the trial court granted Appellee's motion to cancel the foreign judgment, finding that the warrant as filed failed to meet the statutory definition of a foreign judgment under R.C. 2329.021. Appellant appeals, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting Appellee's Motion to Cancel Foreign Judgment since the tax warrants meet the definition of an enforceable foreign judgment pursuant to [R.C.] 2303.021."
 {¶ 4} In its only assignment of error, Appellant maintains that the trial court erred in granting Appellee's motion to cancel foreign judgment. Appellant argues that the trial court incorrectly held that the warrant as filed did not meet the definition of a foreign judgment. We disagree.
 {¶ 5} The issue at bar is limited solely to a question of law, namely whether the warrant in question is considered to be a foreign judgment under R.C. 2329.021. Thus, we review the trial court's judgment under a de novo standard of review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 6} R.C. 2329.021 defines a foreign judgment as "any judgment, decree, or order of a court of the United States, or of any court of another state, that is entitled to full faith and credit in this state." Appellant argues that under R.C. 2329.021, "Ohio must give full faith and credit to administrative judgments that are quasi-judicial in nature[.]" We find that R.C. 2329.021 clearly limits the definition of a foreign judgment to a judgment of a court.
 {¶ 7} In the case at hand, the warrant was issued by the New York State Commissioner of Taxation and Finance. We find no evidence to suggest that the Tax Commissioner of New York State is a "court of another state" pursuant to R.C. 2329.021. The only document in the record before us from a New York court is a document certifying that the warrant filed in Ohio is a true and accurate copy of the warrant filed in New York. There is nothing on the record to indicate that the warrant was reduced to a judgment by a court of competent jurisdiction at any point, nor does Appellant argue that the warrant was reduced to judgment by a court of competent jurisdiction.
 {¶ 8} In Toledo Trust Co. v. Santa Barbara Foundation (1987),32 Ohio St.3d 141, 144, the Supreme Court held that "a foreign judgment pronounced by a court of general jurisdiction, regular on its face, carries with it the presumption of validity." Conversely, we find that the presumption of validity fails to attach to an administrative decision that was not pronounced by a court of general jurisdiction. Consequently, the presumption of validity is not attached to the warrant in question, which was issued by the New York Department of Taxation and Finance, and not a court of competent jurisdiction.
 {¶ 9} We overrule Appellant's assignment of error and affirm the judgment of the Medina County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
MOORE, J. CONCURS
CARR, J. CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 10} I agree that the trial court correctly cancelled the tax warrant here. However, I would affirm for different reasons. Although a decision by an administrative agency acting in a quasi-judicial manner is to be accorded full faith and credit under Ohio law, there was a complete lack of proof regarding this particular warrant. See United Farm Workersv. Arizona Agriculture Employment Relations Bd. (C.A. 9, 1982),669 F.2d 1249. No evidence was presented that this was a quasi-judicial proceeding and a judgment in New York. Therefore, I would affirm because of appellant's failure to establish that the warrant constituted a valid, foreign judgment.