[Cite as *Collins v. Hearty Invest. Trust*, 2017-Ohio-1270.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN C. COLLINS, Executor of the
ESTATE OF HUGH HEARTY, Deceased,
et al.

      Appellees

      v.

HEARTY INVESTMENT TRUST, et al.

      Appellants

C.A. No.     27964

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 05 3319

DECISION AND JOURNAL ENTRY

Dated: April 5, 2017

HENSAL, Judge.

{¶1}  The Hearty Investment Trust, its trustee, the Hearty Investment Trust's beneficiaries, and the Hearty Credit Bypass Trust appeal from a judgment of the Summit County Court of Common Pleas, granting judgment in favor of the executor of the estate of Hugh Hearty and his widow.  We reverse in part, vacate in part, and remand the matter for further proceedings consistent with this opinion.

I.

{¶2}  This case is again before this Court following our reversal and remand of the trial court's decision.  Although the details of this case are fully set forth in *Collins v. Hearty Investment Trust*, we will summarize the procedural posture and underlying issues.  9th Dist. Summit No. 27173, 2015-Ohio-400.

**{¶3}** In 1996, five of the Hearty siblings pooled certain assets and created the Hearty Investment Trust (the "Trust"), of which they were the grantors and beneficiaries. The Trust was designed to provide quarterly income distributions to the beneficiaries. Two provisions of the Trust are relevant to this appeal. First, the Trust contains a power-of-appointment provision governing the manner in which the beneficiaries can transfer their interest in the Trust. The beneficiaries amended that provision in 2007, which – as amended – provides:

> [E]ach of the Grantors may appoint his or her trust share by Last Will and Testament made before or after the effective date of the Trust Agreement in the manner provided below. * * * The Grantor's Will must make specific reference to this limited power of appointment. * * *. If the exercise of the limited power of appointment is in the form of a trust, the trustee of this instrument shall also serve as trustee under the trust created in accordance with the power of appointment. In default of the exercise of this limited power of appointment, the Grantor's trust share at death shall pass in accordance with the terms and provisions of Section 3 [i.e., to the Hearty Credit Bypass Trust].

**{¶4}** The second relevant provision of the Trust allows the trustee to distribute funds from the deceased beneficiary's share of the Trust to his or her estate if the beneficiary's estate lacks sufficient non-Trust assets to pay certain debts. Specifically, that provision provides:

> Upon the Grantor's death, there shall be distributed to the Grantor's estate (to the extent the Trustee determines that non-trust assets are not available for such purpose) from his or her Trust Share such an amount as the Grantor's executor or administrator certifies is not greater than [the amount of death taxes, and normal and usual costs of administering the estate and debts of the grantor or his estate].

**{¶5}** In 2007, Mr. Hearty contacted the executor of his estate[1] and asked him to prepare a codicil to his will because he wanted to transfer his interest in the Trust to his wife pursuant to the amended power-of-appointment provision. Mr. Hearty provided the executor with the language he wanted the codicil to include, and the executor prepared same, titling it "Codicil to the Last Will and Testament of Hugh G. Hearty." Although Mr. Hearty signed the purported

---

[1] The executor of Mr. Hearty's estate is attorney John C. Collins, a plaintiff/appellee herein.

codicil, there is no dispute that it was not signed by two witnesses as required under Revised Code Section 2107.03.

{¶6} Mr. Hearty passed in 2008. Following his death, Mr. Hearty's interest in the Trust transferred to the Hearty Credit Bypass Trust, not to his widow. Additionally, pursuant to the Trust provision allowing the use of Trust assets to pay certain debts of a beneficiary's estate, the attorney for Mr. Hearty's estate submitted a notice of unpaid debts to the trustee of the Trust. The trustee did not evaluate the estate's claim for monies and Trust assets were not used to pay those debts.

{¶7} As a result of these events, the executor of Mr. Hearty's estate and Mr. Hearty's widow (collectively, "Plaintiffs") filed a declaratory judgment action against the Hearty Investment Trust, its trustee, and the grantors/beneficiaries of the Trust (Mr. Hearty's siblings) (collectively, "Defendants"). Plaintiffs later amended their complaint to include the Hearty Credit Bypass Trust as a defendant. In summary, Plaintiffs' amended complaint asked the trial court to declare that Mr. Hearty effectively exercised the power of appointment in favor of his widow, and to declare that the estate was entitled to payment of certain debts from Mr. Hearty's share of the Trust. Plaintiffs also claimed that the trustee breached his fiduciary duties by not accepting the purported codicil as an effective means of exercising the power of appointment, and by failing to provide Trust monies to cover the unpaid debts of Mr. Hearty's estate.

{¶8} The case proceeded to a bench trial. Plaintiffs presented evidence indicating that, despite the fact that his purported codicil was not signed by two witnesses, Mr. Hearty intended to execute the power of appointment in favor of his widow. Plaintiffs also presented evidence indicating that, at the time the estate demanded funds from the trustee, Mr. Hearty's estate lacked sufficient non-Trust assets to cover the debts of the estate.

{¶9}   The trial court entered judgment in favor of Plaintiffs, concluding, in part, that principles of equity mandated a determination that Mr. Hearty effectively exercised the power of appointment in favor of his widow by way of the purported codicil.  In doing so, the trial court noted that the language of the Trust "does not specify a single manner or way a beneficiary must appoint his or her trust share[,]" and that the evidence indicated that Mr. Hearty intended to transfer his interest in the Trust to his widow.  Accordingly, the trial court declared Mr. Hearty's widow as a beneficiary of the Trust and concluded that she was entitled to distributions thereunder.

{¶10}   The trial court also concluded that Mr. Hearty's estate submitted a timely notice of unpaid debts to the trustee and that the trustee "improperly denied and otherwise refused" to pay those debts through Mr. Hearty's share of the Trust.  The trial court, therefore, ordered $164,513.51 (the amount of unpaid debts at the time of presentment minus the non-Trust assets available to the estate at that time) plus statutory interest to be paid to the estate.

{¶11}   Defendants appealed the trial court's order, arguing that the trial court erred by: (1) declaring that Mr. Hearty effectively exercised the power of appointment in favor of his widow; (2) granting judgment in favor of Plaintiffs for payment of estate debts; and (3) entering a money judgment against the individual defendants.

{¶12}   On appeal, this Court reversed and remanded the trial court's decision. *Collins v. Hearty Invest. Trust*, 9th Dist. Summit No. 27173, 2015-Ohio-400, ¶ 32.   We sustained Defendants' first assignment of error (i.e., that the trial court erred by declaring that Mr. Hearty effectively exercised the power of appointment in favor of his widow) on the basis that it was unclear whether the trial court determined that the relevant Trust provision was ambiguous and, absent such a determination, the trial court improperly relied upon extrinsic evidence in

interpreting that provision. *Id.* at ¶ 19-24. We sustained Defendants' second assignment of error (i.e., that the trial court erred by granting judgment in favor of Plaintiffs for payment of estate debts) on a similar basis. *Id.* at ¶ 27-30. Because we sustained Defendants' first and second assignments of error, we declined to address the merits of their third assignment of error (i.e., that the trial court erred by entering a money judgment against the individual defendants), noting that the trial court must also reconsider whether to enter a monetary judgment against Defendants on remand. *Id.* at ¶ 31.

{¶13} In response to this Court's decision, the trial court entered a new judgment entry, holding that: (1) the power-of-appointment provision was, in fact, ambiguous and the evidence indicated that Mr. Hearty intended to exercise the power of appointment in favor his widow; and (2) the provision allowing for the use of Trust assets to pay estate debts was not ambiguous and the trustee had an obligation to evaluate the estate's claim in that regard. In light of these holdings, the trial court's disposition of the matter remained unchanged. Defendants have appealed, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DECLARING THAT PLAINTIFF LISA SIEGENTHALER WAS MADE A BENEFICIARY OF THE HEARTY INVESTMENT TRUST BY MEANS OF AN INVALID CODICIL – ONE THAT DID NOT CONFORM TO THE WITNESS AND ATTESTING REQUIREMENTS OF OHIO LAW.

{¶14} In their first assignment of error, Defendants argue that the trial court erred by declaring that Mr. Hearty effectively exercised the power of appointment in favor of his widow. Defendants argue that the language of the Trust is unambiguous and provides two ways for a beneficiary to transfer his or her interest: (1) by will; or (2) by trust prepared in connection with a

will. They argue that if a beneficiary does not transfer his or her interest in the Trust by either of these means, then the beneficiary's interest passes by default to the Hearty Credit Bypass Trust. Because Mr. Hearty's purported codicil was not signed by two witnesses, they argue that it was an ineffective means of exercising the power of appointment and, accordingly, Mr. Hearty's interest properly transferred to the Hearty Credit Bypass Trust. Regarding the trial court's finding of ambiguity, Defendants note that the trial court's judgment entry fails to identify what language it determined was ambiguous as well as what extrinsic evidence it considered in resolving the alleged ambiguity.

{¶15} In response, Plaintiffs acknowledge that the power-of-appointment provision allows a beneficiary to transfer his or her interest in the Trust by will or trust, but argue that it does not prohibit other means of exercising that power. Further, to the extent that a beneficiary exercises that power by will, they argue that the Trust does not require the will to be duly executed or probated. To that end, Plaintiffs do not dispute that Mr. Hearty's purported codicil was not signed by two witnesses, but argue that the trial court was authorized to use its inherent equitable powers to deem the document as an effective means of exercising the power of appointment under the terms of the Trust.

{¶16} We will begin our analysis with a review of the trial court's judgment entry as it relates to its finding of ambiguity. We review a trial court's determination regarding the ambiguity of a trust term under a de novo standard of review. *Collins v. Hearty Invest. Trust*, 9th Dist. Summit No. 27173, 2015-Ohio-400, ¶ 23. The trial court found, without any explanation or analysis, that the power-of-appointment provision was ambiguous. Our own review of that provision, however, yields the opposite conclusion. As provided above, the amended power-of-appointment provision provides the following:

[E]ach of the Grantors may appoint his or her trust share by Last Will and Testament made before or after the effective date of the Trust Agreement in the manner provided below. * * * The Grantor's Will must make specific reference to this limited power of appointment. * * *. If the exercise of the limited power of appointment is in the form of a trust, the trustee of this instrument shall also serve as trustee under the trust created in accordance with the power of appointment. In default of the exercise of this limited power of appointment, the Grantor's trust share at death shall pass in accordance with the terms and provisions of Section 3 [i.e., to the Hearty Credit Bypass Trust].

**{¶17}** A plain reading of this provision indicates that a beneficiary may exercise the power of appointment by will or trust[2] only, and that the failure to do so results in the beneficiary's interest passing by default to the Hearty Credit Bypass Trust. Nothing in this provision indicates that a beneficiary may exercise the power of appointment through an alternative means. The limiting language contained in the provision (i.e., "this limited power of appointment") supports this conclusion. To hold otherwise would require this Court to add language that is simply not there. We, therefore, hold that the trial court erred as a matter of law by finding that the power-of-appointment provision was ambiguous.

**{¶18}** Notably, while the trial court found that the power-of-appointment provision was ambiguous and indicated that it could consider extrinsic evidence regarding what the parties intended the terms of the Trust to mean, it did not do so. Rather than citing extrinsic evidence relating to what the beneficiaries intended the power-of-appointment provision to mean (e.g., whether they intended the execution of a will or trust to be the exclusive means by which a beneficiary could exercise the power of appointment), the trial court focused on evidence indicating that Mr. Hearty intended to exercise the power of appointment in favor of his widow. The trial court analyzed this issue as follows:

---

[2] We decline to address whether this provision requires the trust to be prepared in connection with a will, as doing so is not necessary for purposes of our disposition of this appeal.

There is no testimony or evidence that provides any indication that, at any time throughout their marriage that Hugh Hearty intended to exclude his wife as his sole beneficiary. *There is no question Hugh Hearty intended to exercise the power of appointment in favor or Lisa Hearty.* It is within the power of this Court to determine if Hugh Hearty effectively carried out that intent if by reason of mistake, accident, or ignorance the power was defectively executed. *If it was defectively executed, it is within the power of this Court to make it effectual.* This Court finds that Lisa S. Hearty is a beneficiary under The Hearty Investment Trust having all rights and benefits under the Trust and to the same effect as the other beneficiaries.

(Emphasis added.)

{¶19} Thus, the trial court's order indicates that the trial court used its "power" to make Mr. Hearty's ineffective codicil "effectual."[3]   Importantly, it did not hold that the power-of-appointment provision permitted Mr. Hearty to exercise that power through a means other than by valid will[4] or trust. Relatedly, it did not hold that Mr. Hearty's purported codicil, while not effective as a codicil, was nevertheless an effective power of appointment under the terms of the Trust. The trial court simply used its "power" to make Mr. Hearty's ineffective codicil effective based upon what the court determined Mr. Hearty intended to do. A trial court, however, cannot disregard the statutory attestation requirement and validate a codicil based upon the testator's intent. *See* R.C. 2107.03 (requiring attestation by two witnesses); *Sears v. Sears*, 77 Ohio St. 104 (1907), syllabus (stating that "a will that is not executed as required by statute is invalid,

---

[3] To the extent that the trial court's order can be interpreted as rendering the ineffective power of appointment effectual (rather than the ineffective codicil effectual), the analysis herein still applies. *See Toledo Trust Co. v. Santa Barbara Found.*, 6th Dist. Lucas No. L-85-293, 1986 WL 5373, *2, *rev'd on other grounds*, 32 Ohio St.3d 141 (1987) (stating that "the validity of the special power of appointment is to be determined under the law governing the validity of the instrument under which the power was created.").

[4] *See* Restatement of Property 3d, Wills & Donative Transfers, Section 19.9, Comment b (2011) ("A power of appointment that is exercisable 'by will' * * * is a testamentary power and is exercisable by an instrument that is formally sufficient to be admitted to probate under applicable law.").

notwithstanding the intention of the testator."). This is critical because "the validity of the special power of appointment is to be determined under the law governing the validity of the instrument under which the power was created." *Toledo Trust Co.*, 6th Dist. Lucas No. C.A. L-85-293, 1986 WL 5373, at *2, *rev'd on other grounds*, 32 Ohio St.3d 141 (1987); *see also* Restatement of Property 3d, Wills & Donative Transfers, Section 19.9 (2011) ("In order for an attempted exercise of a power of appointment to be effective, the document purporting to exercise the power must be executed in compliance with (i) the formalities required by law for the transfer by the donee of owned property of a similar type and (ii), * * * any additional formalities required by the donor."); Restatement of Property 3d, Wills & Donative Transfers, Section 19.1, Comment a (2011) ("In order for an exercise of a power of appointment to be effective, the writing purporting to exercise the power must be contained in an otherwise effective document."). Because the purported codicil failed to comply with the statutory attestation requirement, it was not valid as a will and, accordingly, was an invalid exercise of the power of appointment under the Trust. Thus, even if the power-of-appointment provision was ambiguous, the trial court erred by relying on evidence of Mr. Hearty's intent to make his purported codicil "effectual" and, consequently, holding that Mr. Hearty effectively executed the power of appointment in favor of his widow.

{¶20} In light of the foregoing, we sustain Defendants' first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN PLAINTIFFS' FAVOR ON THE CLAIM FOR PAYMENT OF ESTATE DEBTS AND EXPENSES.

{¶21} In their second assignment of error, Defendants argue that insufficient evidence existed to support the trial court's finding that Mr. Hearty's estate's assets were insufficient to

pay the debts of his estate. They further argue that the trial court's ruling in this regard was against the manifest weight of the evidence.

{¶22} As quoted in full above, the relevant provision of the Trust provides that the trustee shall distribute monies from the decedent-beneficiary's share of the Trust to pay certain debts of his or her estate "to the extent the Trustee determines that non-trust assets are not available * * *." The record indicates that the attorney for Mr. Hearty's estate submitted a notice of unpaid debts to the trustee in August 2008. At trial, the trustee admitted that he did not evaluate the estate's claim, partly because of the unknown potentiality of the estate's interest in another family entity. In this regard, the trustee testified as follows:

Q: Let me ask you this. At any point in time in evaluating the claims of the estate, did you ever consult with or refer to the probate court or its docket?

A: I did not evaluate the claim.

{¶23} The trial court determined that the relevant provision of the Trust was not ambiguous and required the trustee to evaluate the estate's demand for monies at the time of presentment. In light of the trustee's failure to evaluate the estate's claim, the trial court held that Mr. Hearty's estate was entitled to the amount of unpaid debts and expenses that existed at the time of presentment ($166,033.24) less the amount of estate assets available at that time ($1,519.73), for a total of $164,513.51, plus statutory interest.

{¶24} While we agree with the trial court to the extent it found that the trustee was required to evaluate the estate's claim, we disagree with its conclusion that the estate was entitled to money damages. The appropriate remedy under these circumstances would have been for the trial court to order the trustee to evaluate the estate's claim. Instead, the trial court assumed the role of trustee and evaluated the estate's claim as of the time of presentment. We hold that the trial court erred in doing so, and sustain Defendants' second assignment of error on that basis.

Accordingly, we hereby vacate the trial court's award of money damages and remand this matter for proceedings consistent with this opinion.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN ENTERING A MONEY JUDGMENT AGAINST THE INDIVIDUAL DEFENDANTS – PARTIES WHO HAD NO CUSTODY OR CONTROL OVER HUGH HEARTY'S SHARE.

**{¶25}** In their third assignment of error, Defendants argue that the trial court erred by entering a money judgment against the individual defendants. In light of our disposition of the first and second assignments of error, Defendants' third assignment of error is rendered moot and is overruled on that basis. App.R. 12(A)(1)(c).

III.

**{¶26}** Defendants-Appellants' first and second assignments of error are sustained. Defendants-Appellants' third assignment of error is overruled. The damages award in the amount of $164,513.51, plus statutory interest, is hereby vacated. The judgment of the Summit County Court of Common Pleas is reversed in part, vacated in part, and remanded for further proceedings consistent with this opinion.

Judgment reversed in part,
vacated in part,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

CARR, P. J.
DISSENTS.

APPEARANCES:

ROBERT L. TUCKER, JOHN R. CHLYSTA, and FRANK G. MAZGAJ, Attorneys at Law, for Appellants.

MICHAEL J. ELLIOT and LAWRENCE J. SCANLON, Attorneys at Law, for Appellees.

THOMAS F. HASKINS, JR., Attorney at Law, for Appellee.