FORD, APPELLANT, *v.* IDEAL ALUMINUM, INC.; HAENDIGES, APPELLEE.

[Cite as Ford v. Ideal Aluminum, Inc., 7 Ohio St. 2d 9.]

(No. 39797—Decided June 22, 1966.)

10

12

*Messrs. Stewart & DeChant* and *Mr. Thomas H. DeChant,* for appellant.

*Messrs. Cozza & Steuer* and *Mr. C. Anthony Stavole,* for appellee.

ZIMMERMAN, J.  There was no bill of exceptions before the Court of Appeals, and the judgment entry of the Court of Common Pleas indicates that there was evidence introduced in and considered by that court.  What that evidence may have been, its nature, form, significance and importance, and what admissions, concessions or other incidents may have occurred there are not shown.  In the circumstances, it may be assumed that the evidence admitted by the trial court was competent, and that such evidence influenced the judgment rendered.  A judgment pronounced by a court of record of general jurisdiction, regular on its face, carries with it the presumption of validity. 31 Ohio Jurisprudence 2d 687, Section 237.

This court has held on a number of occasions that, where an authenticated bill of exceptions in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court on appeal to dismiss the appeal or affirm the judgment of the court from which the appeal is taken.  See *Knowlson* v. *Bellman,* 160 Ohio St. 359, 116 N. E. 2d 430; *State, ex rel. Heights Jewish Center,* v. *Haake,* 165 Ohio St. 547, 138 N. E. 2d 401; *State, ex rel. Cliffview Land Co.,* v. *Maloney, Commr.,* 166 Ohio St. 45, 139 N. E. 2d 40; and *State, ex rel. Community Improvement Corp.,* v. *City of Independence,* 6 Ohio St. 2d 70.

Such rule is applicable to summary-judgment proceedings. *Smith* v. *Diamond Milk Products, Inc.,* 176 Ohio St. 143, 198 N. E. 2d 72.

In the present case, since it had no bill of exceptions to consider and since a bill was necesary to determine the validity of the judgment of the Court of Common Pleas, the Court of Appeals on the record before it should have dismissed the appeal or affirmed the judgment below.  Therefore, the judg-

ment of the Court of Appeals is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

Matthias, O'Neill and Schneider, JJ., concur.

Herbert, J., concurs in the judgment.

Taft, C. J., and Brown, J., dissent.

Herbert, J. I concur in the judgment but am unable to concur in the syllabus for the reasons stated in my dissenting opinion in *Wickham* v. *First Federal Savings & Loan Co.*, 177 Ohio St. 170.

Taft, C. J., dissenting. As we held unanimously in *Kindle* v. *City of Akron* (1959), 169 Ohio St. 373, 159 N. E. 2d 764, a judgment for plaintiff will be reversed where the petition does not state a cause of action, even though there is no bill of exceptions.

In the instant case, the petition purports to state a cause of action based upon an Illinois "judgment * * * rendered upon a complaint * * * for the commission of a tortious act within * * * Illinois." There is nothing in the petition to indicate what that tortious act was except the statement in the attached copy of the judgment "that malice is the gist of this action." The petition alleges "that personal service was obtained upon both defendants * * * in Ohio," and alleges no other basis for jurisdiction of the Illinois court to render the judgment sued on. The petition alleges and plaintiff relies upon an Illinois statute providing:

"(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this state.

"(b) The commission of a tortious act within this state.

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in

this section, may be made by personally serving the summons upon the defendant outside this state, as provided in this act, with the same force and effect as though summons had been personally served within this state."

There is no allegation that defendant transacted any business in Illinois.

It is stated in 30 American Jurisprudence 329, Section 265:

"It is a general rule of constitutional law that no judgment in personam can, consistently with due process, be rendered against a nonresident without personal service of process upon him within the territorial jurisdiction of the court in which the suit is brought, and that a judgment rendered without such service of process is not entitled to recognition in the courts of other states under the full faith and credit clause." See *Armstrong* v. *Armstrong* (1954), 162 Ohio St. 406, 123 N. E. 2d 267, affirmed (1956), 350 U. S. 568, 100 L. Ed. 705, 76 S. Ct. 629; *May* v. *Anderson* (1953), 345 U. S. 528, 97 L. Ed. 1221, 73 S. Ct. 840, annotation, The Doctrine of *Pennoyer* v. *Neff*, 94 L. Ed. 1167, 1174, supplemented in 2 L. Ed. 2d 1664, 1666.

Statutes providing for other than personal service in the state on nonresident motorists are based upon the power of the state to require a license for use of its highways, and, therefore, to require appointment of a designated state official to accept service of summons in actions growing out of use of its highways as an exchange for the privilege of using those highways. See 8 American Jurisprudence 2d 408, Section 849; annotation, *supra* (94 L. Ed. 1167), 1177. No such factors can afford any reasonable basis for the application in the instant case of the Illinois statute relied upon.

Hence, because it appears from the petition that the Illinois judgment against defendant, an Ohio resident, was based only upon service outside Illinois and there is no reasonable basis for recognizing the constitutional validity of such service, the Common Pleas Court should have rendered judgment for defendant. It follows that the judgment of the Court of Appeals should be affirmed, although not for the reason which it specified.

BROWN, J., concurs in the foregoing dissenting opinion.