CROW, APPELLEE, *v.* BRITE METAL TREATING, INC., APPELLANT.

(No. 40419—Decided February 1, 1967.)

*Messrs. Lustig, Icove & Lustig,* for appellee.
*Mr. David B. Shillman,* for appellant.

*Per Curiam.* No bill of exceptions was filed to disclose what evidence the Municipal Court had before it when it passed upon the motion for summary judgment. Also, the docket and journal entries of that court do not disclose what evidence was before it at that time.

Certified copies of the pleadings and the docket and journal entries in the Common Pleas Court case above referred to were marked as exhibits and attached to defendant's brief in support of its motion for summary judgment. However, the docket entries of the Municipal Court recite that affidavits were filed in support of and in opposition to the motion for summary judgment. These affidavits were not identified nor was their number disclosed.

Without a bill of exceptions, the Court of Appeals could not determine what evidence the Municipal Court had before it when it passed upon the motion for summary judgment; and thus the Court of Appeals could not determine that the Municipal Court erred in granting that motion for summary judgment. See for example *Schultz* v. *State,* 32 Ohio St. 276; *Goldsmith* v. *State,* 30 Ohio St. 208; *Sleet* v. *Williams,* 21 Ohio St. 82. It follows that the Court of Appeals should have dismissed the appeal or affirmed the judgment. *Ford* v. *Ideal Aluminum, Inc.,* 7 Ohio St. 2d 9.

The motion to certify the record is, therefore, allowed, and the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, O'Neill, Schneider and Brown, JJ., concur.

Herbert, J., dissenting. In its last session, the General Assembly amended the summary-judgment statute, Section 2311.041 of the Revised Code, effective November 5, 1965, which plainly eliminated the consideration of oral testimony or a bill of exceptions in the adjudication of summary-judgment proceedings.

The new statute specifies in plain language the documents

that may be considered by the trial court. Paragraph (B) of the amended act provides that:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *written admissions of the genuineness of papers or documents,* affidavits, *transcripts of evidence in the pending case, and written stipulations of fact,* if any, *previously filed in the action,* show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this section.*" (Italicized language indicates new matter in the amended statute.)

The statute continues in paragraph (C):

"* * * The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, *and directing such further proceedings in the action as are just.* Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis added.)

It should be noted that the trial court controls "further proceedings in the action as are just." These proceedings are not consistent with the provisions in the Code relative to a bill of exceptions.

Just how a bill of exceptions can be of any value in a summary-judgment action, when it cannot "be considered" as "evidence," is difficult to determine, yet the majority insist upon the preparation and filing of a bill of exceptions.

The General Assembly intended the summary-judgment act to be an aid in the prompt disposition of unnecessary litigation, to expedite the disposition of worthy causes and to reduce the court costs. The intent of the General Assembly is effectively nullified by the judicially enforced intrusion of a bill of exceptions into the review of a summary judgment because the office of a bill of exceptions is to make and preserve a record of all oral testimony and other matters presented during the trial.

A brief reference to some of the sections of the Revised Code in respect to a bill of exceptions establishes quite conclusively that the General Assembly recognized that a bill of ex-

ceptions would destroy the purpose and intendment of a summary-judgment action.

Section 2321.05 of the Revised Code, for example, provides that the party excepting may have *"forty days"* or more after perfecting his appeal to prepare and file his bill of execeptions.

Section 2321.06 of the Revised Code defines the duty of the clerk when a bill of exceptions is filed. He must notify the adverse party who is allowed "ten days" to object or seek to amend the bill of exceptions. Within "five days" the clerk is required to submit the bill of exceptions "with all objections and amendments" to the trial judge. Under the provisions of Section 2321.08, Revised Code, the judge must correct and sign the bill of exceptions within "five days" and if the trial judge is a resident of another county he is allowed 15 days after he receives the notice.

Approximately from 60 to 80 days may be taken to get the bill of exceptions "settled." A lawyer seeking to delay the disposition of a cause may consume additional time by reason of the aid of a bill of exceptions in a summary-judgment proceeding. This was never intended by the General Assembly.

Section 2505.08 of the Revised Code requires the clerk upon payment of the lawful fee to prepare and file in the court to which the appeal is taken such papers and documents necessary to exhibit the error complained of. This is done by filing a praecipe calling for such documents issued by the party appealing.

The summary-judgment statute classifies the question to be decided in a summary-judgment proceeding as one of *law*. 3 Ohio Jurisprudence 2d 312, Section 406, reads in part:

"A bill of exceptions is not essential to perfecting an appeal on questions of law."

A thorough reading and study of the statutes controlling the preparation and filing of a bill of exceptions compel the conclusion that the forced intrusion by judicial legislation of a bill of exceptions in summary-judgment proceedings will effectively thwart the wholesome intent of the General Assembly, as expressed in the adopted act.