ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Sua sponte, this appeal is dismissed for failure to timely file a transcript of the lower court proceedings. See App.R. 11(C). Absent a transcript, this court is unable to properly evaluate appellant's assignments of error. Appellant has the duty to ensure that the record or any portions thereof that are necessary to determine the appeal are filed with the reviewing court. State v. Gibson (Feb. 8, 2000), Richland App. No. 99-CA-59, unreported, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565-566. See, also, State v. Render (1975), 43 Ohio St.2d 17, 21, 330 N.E.2d 690, 693, citing Ford v. Ideal Aluminum (1966), 7 Ohio St.2d 9, 13, 218 N.E.2d 434, 436; Crow v. Brite Metal Treating (1967), 9 Ohio St.2d 63, 64, 223 N.E.2d 595,596. The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken.
Judgment is dismissed.
This appeal is dismissed.
It is ordered that appellee recover from appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rule of Appellate Procedure.
TERRENCE O'DONNELL, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
 __________________________ PATRICIA ANN BLACKMON JUDGE