DECISION AND JUDGMENT ENTRY
{¶ 1} Appellee, Camp-Out Inc., has filed a motion to strike the brief filed by appellants, Kenneth and Gregory Adkins (collectively referred to as "Adkins"), and to dismiss their appeal. Adkins filed a memorandum in opposition. For the following reasons, the motion is denied.
 {¶ 2} The appeal stems from a dispute over the Camp-Out Inc.'s use of Adkins' pole barn and the property on which it sits as storage space for shelving and trailers. Camp-Out filed a complaint against Adkins and Adkins filed a counter-claim against Camp-Out. Adkins filed a motion for injunctive relief against Camp-Out which was denied on May 1, 2006, following a hearing on April 26, 2006.
 {¶ 3} The parties then apparently came to an agreement; on June 13, 2006, the trial court judge signed an order reflecting a settlement and stating that the matter will be removed from the court's trial docket and that the parties will submit a dismissal entry within 60 days. One month later, Camp-Out Inc. filed a motion to enforce the settlement agreement, to hold Adkins in contempt, and for attorney fees and costs. Camp-Out contended that Adkins prevented it from removing its property as agreed to in the settlement. On July 13, 2006, the motion was partially granted and the court ordered Adkins to allow Camp-Out to remove its property and to pay Camp-Out for the increased costs, expenses, and attorney fees it incurred; it did not hold Adkins in contempt. Camp-Out was given ten days to submit documentation of its costs to the court for approval.
 {¶ 4} On July 26, 2006, Camp-Out filed a motion requesting that the court release to it the certificates of title to the trailers as set forth in the settlement agreement. Camp-Out also filed its documentation of the costs awarded it on July 13, 2006, a total of $7,080.03. On July 31, 2006, the judge granted the motion, finding that Camp-Out complied with the settlement agreement and was therefore entitled to the certificates of title; the judge also awarded Camp-Out judgment against Adkins for $7,080.03. Adkins filed a motion to reconsider the July 13 and July 31 judgments. The court denied the motion to reconsider.
 {¶ 5} Adkins timely appealed from all four judgments; the denial of its motion for injunctive relief on May 1, the grant of Camp-Out's motion to enforce settlement agreement on July 13, the judgment for $7,080.03 on July 31, and the denial of the motion to reconsider on August 15, 2006. Adkins filed a praecipe with the notice of appeal that indicates that the record on appeal will include a transcript of the April 26, 2006 hearing on the motion for injunctive relief. On October 10, 2006, the record on appeal was timely filed but without a transcript of the April 26 hearing. We assume that Adkins decided not to include the transcript in the record. The parties have both filed their appellate briefs.
 {¶ 6} Appellee, Camp-Out, filed the present motion to dismiss stating that it is the duty of the appellant to transmit the record pursuant to App.R. 10(A), and without the April 26 transcript the record is incomplete and has not been "timely filed." App.R. 10(A) states:
 {¶ 7} "(A) Time for transmission; duty of appellant
 {¶ 8} "The record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the clerk of the court of appeals when the record is complete for the purposes of appeal, or when forty days, which is reduced to twenty days for an accelerated calendar case, have elapsed after the filing of the notice of appeal and no order extending time has been granted under subdivision (C). After filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record. * * * ."
 {¶ 9} Contrary to Camp-Out's assertion, it is not the duty of appellant to transmit the record on appeal, it is the duty of the clerk of court. See App.R. 10(B):
 {¶ 10} "(B) Duty of clerk to transmit the record
 {¶ 11} "The clerk of the trial court shall prepare the certified copy of the docket and journal entries, assemble the original papers, (or in the instance of an agreed statement of the case pursuant to Rule 9(D), the agreed statement of the case), and transmit the record upon appeal to the clerk of the court of appeals within the time stated in subdivision (A)."
 {¶ 12} Appellant's duty under App.R. 10(A) is to "comply with the provisions of Rule 9(B) and * * * take any other action necessary to enable the clerk to assemble and transmit the record." App.R. 9(B) requires appellant to order the transcripts that "the appellant considers necessary for inclusion in the record." Appellant did order the April 26 transcript but failed to follow through and have it prepared for inclusion in the record.
 {¶ 13} In support of its motion to dismiss, Camp-Out cites App.R. 11(C), which states:
 {¶ 14} "(C) Dismissal for failure of appellant to cause timely transmission of record
 {¶ 15} "If the appellant fails to cause timely transmission of the record, any appellee may file a motion in the court of appeals to dismiss the appeal. The motion shall be supported by a certificate of the clerk of the trial court showing the date and substance of the judgment or order from which the appeal was taken, the date on which the notice of appeal was filed, the expiration date of any order extending the time for transmitting the record, and by proof of service. The appellant may respond within ten days of such service."
 {¶ 16} This rule seems to conflict with App.R. 10(B) which charges the clerk of court with timely transmission of the record. In reading the two rules together and giving meaning to both of them, we believe that App.R. 11(C)'s purpose is to ensure that the appellant obtains any extensions of time needed by the clerk of court to assemble and transmit the record on appeal. However, since the record on appeal in this case was timely filed, we need not address and resolve this conflict in this case.
 {¶ 17} Camp-Out's argument in support of its motion to dismiss is that even though the record on appeal was timely filed, since it was filed without the transcript which appellant indicated would be included in the record, it is incomplete and not "timely filed." Camp-Out also states that the appeal should be dismissed because exclusion of the April 26 transcript is prejudicial to it. Neither party has cited any case law on the subject.
 {¶ 18} Our research has revealed the basic rule that it is appellant's duty to ensure that the record contains all that is necessary for the reviewing court to determine the appeal. See Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 19 ("[W]here a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee.")
 {¶ 19} With that rule established, what then is the effect when an appellant fails in that duty? In State v. Render (1975),43 Ohio St.2d 17, paragraph two of the syllabus, the court states:
 {¶ 20} "Where an authenticated transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to dismiss the appeal, or to affirm the judgment of the court from which the appeal is taken. (Ford v. Ideal Aluminum, 7 Ohio St.2d 9, 218 N.E.2d 434, andCrow v. Brite Metal Treating, 9 Ohio St.2d 63, 223 N.E.2d 595, approved and followed.)"
 {¶ 21} In the instant case, the absent transcript would be applicable only to appellant's appeal of the May 1, 2006 judgment denying Adkins' motion for an injunction, not the appeal from the other three judgment entries. Therefore, we cannot dismiss the entire appeal. Further, until we look at the actual merits of the assignment of error on the injunction appeal, we cannot determine whether the transcript is "necessary to exemplify the facts which determined the issues presented." Id.
 {¶ 22} In researching what other appellate districts do in this situation, we find that many do not dismiss an appeal outright merely because a transcript that was ordered by the appellant was not included in the record, but instead address that fact in connection with each assignment of error. See In re Harris (Nov. 25, 1986), 3d Dist. No. 17-85-4; Smith v. Smith (June 7, 1985), 4th Dist. No. 1184 ("Before reaching the merits of this appeal, we must first decide whether appellant's failure to file a transcript of evidence requires a dismissal. We hold that it does not. App. R. 11(C) provides for dismissal for failure to timely file the record, but in this case appellant has provided a record, albeit an incomplete one. Appellant must suffer the consequences of this court's inability to review any of the court's findings based on facts adduced during the unreported hearings, but the existence of a partial record does not deprive the appeals court of jurisdiction."); State v. Arrowood (June 5, 2001), 7th Dist. No. 01 BA 05 ("Appellee argues that Appellant has not filed a transcript of the proceedings and that this is a violation of App.R. 11(C) which warrants dismissal of the appeal. Appellee's argument is misplaced. Appellant has timely transmitted the record on appeal, albeit a record lacking a transcript. App.R. 9(A) identifies the record on appeal as consisting of: `[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * * .' A transcript is only one part of the record on appeal. Not every appeal requires a transcript, particularly when the issue on appeal is purely a matter of law. Other than the transcript, the remaining parts of the record have been filed in conformity with the Rules of Appellate Procedure.");Doyle v. Oakfield Convalescent Ctr. (Sept. 1, 1998), 10th Dist. No. 98AP-113 ("Appellee contends this appeal should be dismissed since appellant has failed to provide a transcript. The duty to provide a transcript for appellate review falls upon the appellant. Ratchford v.Proprietor's Ins. Co. (1995), 103 Ohio App.3d 192, 198, 658 N.E.2d 1127. See, also, App.R. 9(B). App.R. 11(C) states that if the appellant fails to cause timely transmission of the record, an appellee may file a motion to dismiss the appeal. However, dismissal is not mandated. While dismissal is not mandated, the absence of a necessary transcript leaves no choice but for the reviewing court to presume the validity of the lower court's proceedings. Ratchford at 198, 658 N.E.2d 1127, citingKnapp Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. See, also, Clark v. Johnson (May 21, 1998), Franklin App. No. 97APG10-1313, unreported (1998 Opinions 1916). Accordingly, appellee's motion to dismiss is denied; however, we proceed to the merits without a transcript.")[1]; and State v. Mulryan (Nov. 19, 1990), 12th Dist. No. CA90-06-054 ("the state contends, because no transcript of proceedings was filed by that date, the appeal should be dismissed pursuant to App. R. 11(C). We find the state's motion is not well-taken. * * * Dismissal is a disproportionate sanction for [the] error made by appellant. Accordingly, the state's motion to dismiss is overruled.")
 {¶ 23} Only in the Eighth District did we find recent cases that dismiss appeals outright under App.R. 11(C) when the record is filed without a transcript which "is necessary to exemplify the facts which determine the issues presented." In re Efford (Oct. 12, 2000), 8th Dist. No. 77747. See, also, Brilla v. Brilla (May 25, 1978), 8th Dist. No. 37477.
 {¶ 24} We prefer the approach by the Fourth, Seventh, Tenth, and Twelfth Appellate Districts. Accordingly, the motion to dismiss is denied. The court will evaluate the effect of the absence of a transcript of proceedings when it addresses the merits of appellants' assignments of error.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR.
[1] The 10th District changed its approach to this issue in Doyle v.Oakfield Convalescent Ctr., supra, decided after it revised its local rule in 1997. Former Tenth District App.R. 8 made failure to file a transcript of proceedings grounds for dismissal. Until 1998, this former rule was followed and cited in dismissing these types of appeals. SeeGerlach v. Shamrock Towing Serv. (Oct. 9, 1975), 10th Dist. No. 75AP-363; State v. Green (Jan. 25, 1977), 10th Dist. No. 76AP-673. The local rule was changed in 1997, see the current Tenth District App.R. 9.