OPINION
{¶ 1} Defendant-appellant, Darryl Walker ("father"), appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, ordering him to pay child support to plaintiff-appellee, Tammy Perry ("mother"). For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} The parties filed a shared parenting plan with the trial court in January 2007. The only issue in dispute was the calculation of child support for the two minor children born of the marriage. Following a May 2007 hearing on the issue, the trial court rendered a *Page 2 
decision on June 15, 2007, ordering father to pay child support to mother in the amount of $74.87 per child, per month, plus arrearage. This amount reflected income imputed to mother as well as an equitable deviation from the child support guidelines reducing father's obligation by one-third due to the amount of time the children resided with father.
 {¶ 3} Following the trial court's decision, father moved for clarification due to discrepancies in the order. In particular, the child support computation worksheet accompanying the June 15 decision showed the two minor children residing with father and named mother as obligor, but the decision itself ordered father to pay child support.
 {¶ 4} On June 21, 2007, the trial court issued an order modifying its June 15 decision. The child support computation worksheet attached to this order showed the two children residing with mother and named father as obligor. Father's support obligation was recalculated accordingly and adjusted to $269.59 per child, per month, plus arrearage. As in the prior order, this amount reflected a downward deviation of one-third from the guidelines. Father timely appeals, raising a single assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT MADE AN ERROR WHEN IT CALCULATED THE CHILD SUPPORT COMPUTATION SUMMARY WORKSHEET BECAUSE IT STATED THAT THE MOTHER IS THE RESIDENTIAL PARENT. THE FATHER AND THE MOTHER ARE BOTH RESIDENTIAL PARENTS ALTHOUGH THE FATHER IS THE RESIDENTIAL PARENT FOR 80+% OF THE YEAR."
 {¶ 7} Father argues that the trial court erred in ordering him to pay child support to mother when the children resided with him for a greater portion of the year. The shared parenting plan designated both parents as residential parents and legal custodians of the children. The plan also provided that the children resided primarily with father during the school year and, during that time, allocated mother visitation on alternate weekends and *Page 3 
every other Wednesday. During summer break, the schedule reversed and the children resided primarily with mother and visited with father on alternate weekends and every other Wednesday.
 {¶ 8} In calculating an obligor's child support payments, the trial court must use the applicable computation worksheet, see R.C. 3119.022
and 3119.023, combined with the basic child support schedule provided in R.C. 3119.021. The resultant figure represents the amount of child support due and is rebuttably presumed to be correct. See R.C. 3119.03. Such a determination shall not be overturned by this court absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} We note that the record does not contain a transcript of the May 2007 hearing. When conducting a fact-intensive inquiry such as the propriety of a trial court's calculation of child support, we are unable to decipher whether the trial court abused its discretion in the absence of a transcript commemorating the evidence before the court. The appealing party is obligated to make certain that the record contains everything for the reviewing court to determine the appeal. App. R. 9(B) and 10(A); Camp-Out, Inc. v. Adkins, Wood App. No. WD-06-057,2007-Ohio-447, ¶ 18. As the Ohio Supreme Court has observed:
 {¶ 10} "[W]here a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the disadvantage of appellee."Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. (Citation omitted.)
 {¶ 11} In the absence of a transcript, we are precluded from reviewing the facts *Page 4 
underlying the trial court's child support determination. Accordingly, we are constrained to presume the validity of the proceedings below and affirm the decision of the trial court. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; State v. Render (1975),43 Ohio St.2d 17, paragraph two of the syllabus ("[w]here an authenticated transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to dismiss the appeal, or to affirm the judgment of the court from which the appeal is taken").
 {¶ 12} Due to the insufficiency of the record before us, father's single assignment of error is overruled.
 {¶ 13} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1