[Cite as *Thomas v. Osborne*, 2013-Ohio-5002.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MICHELLE A. THOMAS

      Plaintiff-Appellee

-vs-

RUSSELL T. OSBORNE

      Defendant-Appellant

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 13 CA 17

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 93 JG 00674 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 11, 2013 |


APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

ANDREW J. WARHOLA
110 North 7th Street
Cambridge, Ohio 43725

*Wise, P. J.*

{¶1} Appellant Russell T. Osborne appeals from the decision of the Court of Common Pleas, Juvenile Division, Guernsey County, which found him in contempt of court for failure to pay toward child support arrearages. The relevant facts leading to this appeal are as follows.

{¶2} Appellant is the father of K.G., now an adult, born in 1989. Appellee Michelle A. Thomas is K.G.'s mother. On December 14, 1993, appellant was ordered to pay support for K.G. through the Guernsey County CSEA. Appellant thereafter repeatedly failed to pay support, resulting in several contempt filings by CSEA and an arrearage of more than $24,000.00. Appellant is still under a court order to pay $103.02 per month toward his arrearages. In February 2012, appellant was ordered to serve 30 days in jail for contempt.

{¶3} Guernsey County CSEA filed another motion to show cause (contempt) on January 14, 2013. The matter proceeded to a hearing before a magistrate on March 4, 2013. The magistrate, on March 6, 2013, found appellant in contempt and ordered him to serve 30 days in jail, with the main purge provision of appellant paying his $24,307.69 arrearage amount down to no more than $23,600.00 by May 31, 2013.

{¶4} Appellant timely filed an objection to the decision of the magistrate. On April 15, 2013, the trial court issued a judgment entry adopting the decision of the magistrate.

{¶5} Appellant filed a notice of appeal on May 14, 2013.[1] He herein raises the following two Assignments of Error:

---

[1] Neither Michelle Thomas nor CSEA has filed a response brief in this appeal.

**{¶6}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN CONTEMPT OF COURT WHEN APPELLANT PRESENTED UNREBUTTED TESTIMONY AND EVIDENCE THAT IT WAS NOT IN HIS POWER TO OBEY THE CHILD SUPPORT ORDERS OF THE COURT.

**{¶7}** "II. THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW AND ERRED IN IMPOSING PURGE CONDITIONS UPON APPELLANT THAT WERE UNREASONABLE AND NOT POSSIBLE FOR HIM TO SATISFY WITHIN THE TIME LIMITS ORDERED."

I., II.

**{¶8}** In his First and Second Assignments of Error, appellant contends the trial court erred and/or abused its discretion in finding him in contempt of court and in imposing certain purge conditions regarding the contempt ruling.

**{¶9}** As an initial matter, we are compelled to review the status of the transcript in this case. We have held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See, e.g., State v. Leite* (April 11, 2000), Tuscarawas App. No. 1999AP090054. The Ohio Supreme Court has determined that in such a situation, "* * * the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record." *See State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254. "[T]he reviewing court is only permitted to determine if the application of the law was proper or if it constituted an abuse of discretion." *Eiselstein v. Baluck,* 7th Dist. Mahoning No. 11 MA 74, 2012–Ohio–3002, ¶ 18. Furthermore, "[t]here is no abuse of

discretion on the part of the trial court in its decision to overrule objections to factual findings where the party objecting has failed to file a transcript." *Remner v. Peshek* (Sept. 30, 1999), Mahoning App.No. 97–CA–98, 1999 WL 803441 (additional citation omitted).

{¶10} In the case sub judice, the transcript of the magistrate's hearing appears to have been prepared in time for the present appeal, but not for the trial court's review of appellant's objection to the decision of the magistrate. Said transcript has on its cover only a "Court of Appeals" file-stamp date of July 23, 2013, several months after the trial court's April 15, 2013 ruling on the objection. Furthermore, the trial court stated in that ruling: "The respondent requested this court to waive the requirement of a transcript and requested that this court review the audio tape of the proceedings of March 4, 2013." Judgment Entry at 1. Finally, the trial court docket shows no request or praecipe for the preparation of a transcript prior to the notice of appeal to this Court. We therefore conclude that appellant's objection to the decision of the magistrate was not accompanied by a transcript of the proceedings before the magistrate. Furthermore, the trial court did not specifically grant leave to allow presentation of the evidence via alternative means as set forth in Juv.R. 40(D)(3)(b)(iii).

{¶11} Contempt has been defined as the disregard for judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 455 N.E.2d 691. "A finding of civil contempt does not require proof of purposeful, willing, or intentional violation of a trial court's prior order." *Townsend v. Townsend*, Lawrence App. No. 08CA9, 2008–Ohio–6701, ¶ 27, citing *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 140, 472 N.E.2d 1085. In this instance, the magistrate determined that appellant had failed to pay as ordered in this arrears only

case, resulting in an arrearage of $24,307.69, as of February 28, 2013. Appellant essentially urges that based on the exhibits presented to the magistrate documenting his prior felony convictions, incarcerations, and sex offender status, he has no ability to pay on his arrearage obligation and purge provisions. However, upon our limited review under the circumstances of this case (*Eiselstein*, *supra*), we find no error or abuse of discretion in the trial court's application of the law to the magistrate's findings of fact.

**{¶12}** Appellant's First and Second Assignments of Error are therefore overruled.

**{¶13}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

JWW/d 1007

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MICHELLE A. THOMAS                         :
                                           :
        Plaintiff-Appellee                 :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
RUSSELL T. OSBORNE                         :
                                           :
        Defendant-Appellant                :               Case No. 13 CA 17

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.

Costs assessed to appellant.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
 HON. CRAIG R. BALDWIN