[Cite as *French v. French*, 2016-Ohio-5759.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JESSICA M. FRENCH | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16-CA-4 |
| | : | |
| JOEL A. FRENCH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Knox County Court of
Common Pleas, Domestic Relations
Division Case No. 08DC12-0242

JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     September 2, 2016

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

MARY L. RANNEY                          JOEL A. FRENCH, pro se
1 South Main St.                        2623 Apple Valley Dr.
P.O. Box 484                            Howard, OH 43028
Utica, OH 43080

*Delaney, J.*

{¶1} Appellant Joel A. French appeals from the February 1, 2016 Judgment Entry of the Knox County Court of Common Pleas, Domestic Relations Division. Appellee is Jessica M. French.

## FACTS AND PROCEDURAL HISTORY

{¶2} The instant case, arising from the parties' divorce, has a lengthy procedural history. The following recounts only the procedural history immediately relevant to the instant appeal.

{¶3} Appellant and appellee were divorced by a Judgment Decree of Divorce filed April 6, 2010. The parties have two minor children together.

{¶4} On October 19, 2015, a hearing was held which addressed multiple motions filed by the parties, including contempt allegations and modification of parental rights and responsibilities. A Magistrate's Proposed Decision was filed December 4, 2015. Appellant objected.

{¶5} On February 1, 2016, the trial court filed a Judgment Entry overruling appellant's objections, sustaining appellee's objections, and, e.g., ordering appellant's parenting time to be supervised until he obtains a mental health evaluation and follows all recommendations. The Judgment Entry notes no transcript was filed with the objections.

{¶6} Appellant now appeals from the trial court's Judgment Entry of February 1, 2016. The appellate record does not contain a transcript of the hearing on October 19, 2015.

{¶7} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT VIOLATED DEFENDANT'S CIVIL RIGHTS BY DENYING AN IMPARTIAL AND UNBIASED TRIAL, BY DENYING HAVING THE HEARING WITHIN A REASONABLE AMOUNT OF TIME, BY PROVIDING DEFENDANT A REAL OPPORTUNITY TO PRESENT HIS CASE AND CHALLENGE THE CASE AGAINST HIM."

{¶9} "II. THE TRIAL COURT VIOLATED EIGHT RULES OF OHIO CODE OF JUDICIAL CONDUCT AS DEFINED ABOVE (*sic).*"

**ANALYSIS**

{¶10} In his first assignment of error, appellant challenges actions of the trial court arising from the October 19, 2015 hearing. Appellant has not provided a record of the proceedings below and we must therefore overrule the first assignment of error.

{¶11} First, we note appellant's brief does not comply with App. R.16. Appellant has not made any reference to the record in framing his legal arguments here. We are not obliged to search the record for some evidence of claimed error. *Four Winners, Inc. v. Columbus Dev. Regulation Div. Admr.*, 83 Ohio App.3d 118, 124, 614 N.E.2d 775 (10th Dist.1992).

{¶12} Nor has appellant complied with App.R. 9. In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App.R. 9(A). This rule provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court."

{¶13} App.R. 9(B) also provides in part " * * *[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." In *Knapp v. Edwards Laboratories* the Ohio Supreme Court stated: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶14} Appellant has not provided a transcript of the October 19, 2015 hearing. Without a transcript, we must presume the regularity of the trial court's proceeding on the motion. *State v. Ellis*, 5th Dist. No. 11-COA-015, 2011-Ohio-5646, *2.

{¶15} We note that even if appellant had filed a transcript, we could not consider it because the transcript was not submitted to the trial court. It is axiomatic that we as an appellate court may not add matter to record that was not before trial court and the record cannot be enlarged by factual assertions in a party's brief. *State v. Hale*, 5th Dist. Perry No. 14-CA-00014, 2014-Ohio-5028, ¶18.

{¶16} The instant appeal arose from a magistrate's hearing, and we note the trial court stated the record of that hearing was not provided to the trial court in ruling upon the objections. If an appellant fails to provide the transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *In re W.O.*, 5th Dist. Guernsey No. 13 CA 18, 2013-Ohio-5003, ¶ 9. We would thus be precluded from considering transcript of the hearing submitted with the appellate record. *See State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d

728, 730, 654 N.E.2d 1254 (1995). "[T]he reviewing court is only permitted to determine if the application of the law was proper or if it constituted an abuse of discretion." *Eiselstein v. Baluck,* 7th Dist. Mahoning No. 11 MA 74, 2012–Ohio–3002, ¶ 18.

{¶17} Appellant's first assignment of error is overruled.

II.

{¶18} In his second assignment of error, appellant argues the trial court violated rules of the Ohio "code of judicial ethics." We overrule this assignment of error because insofar as appellant's argument depends upon a violation of the Code of Judicial Conduct, the instant appeal is not the proper venue for such a complaint. Allegations of judicial misconduct under the Code of Judicial Conduct are not cognizable on appeal but are matters properly within the jurisdiction of the disciplinary counsel. See *Parker v. Elsass,* 10th Dist. Franklin No. 01AP–1306, 2002–Ohio–3340*,* at ¶ 25, citing *Szerlip v. Szerlip,* 5th Dist. Knox No. 01CA09, 2002–Ohio–2541*,* at ¶ 18.

{¶19} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶20} Appellant's two assignments of error are overruled and the judgment of the Knox County Court of Common Pleas is affirmed.

By: Delaney, J. and

Farmer, P.J.

Hoffman, J., concur.