[Cite as *Finn v. Rutherford*, 2026-Ohio-760.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Michael Finn                                        Court of Appeals No.  L-25-00221

    Appellee                                    Trial Court No.  CVG-25-13679

v.

Ramona Rutherford                            **DECISION AND JUDGMENT**

    Appellant                                   Decided: March 6, 2026

* * * * *

Douglas A. Wilkins, for appellee.

Ramona Rutherford, pro se.

* * * * *

**OSOWIK, P.J.**

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court in Case No. CVG-25-13679.

{¶ 2} Appellant, Ramona Rutherford, was a tenant of appellee, Michael Finn, under a written lease agreement. On August 13, 2025, appellee filed a landlord's complaint in the trial court alleging breach of the rental agreement as a result of nonpayment of rent by the appellant.

{¶ 3} On August 19, 2025, the Clerk issued a summons and complaint to appellant by ordinary mail with a certificate of mailing. On that same date, the record also establishes service by the court bailiff with the following entry:

> Bailiff filed return of service as follows: Summons and complaint issued for defendant, RAMONA RUTHERFORD, posted on the door at 1020 N SUPERIOR #1 TOLEDO, OH 43604 on 08/19/2025. Bailiff unable to find anyone at said address. Electronic entry by BAILIFF KEEL.

{¶ 4} The record also shows that appellant filed an answer setting forth general denials of the existence of a "valid and enforceable contract between the parties."

{¶ 5} A hearing was held on August 28, 2025, before a magistrate. The record establishes that both appellant and appellee were present when the case was called.

{¶ 6} At the conclusion of that hearing, the magistrate made a decision finding that (1) Rutherford was in default under a written lease since August 1, 2025, (2) notice to vacate was lawfully given, (3) and further ordered judgment for Finn for possession of the premises. The magistrate's order was filed August 29, 2025.

{¶ 7} The transcript of that proceeding is not part of the record before us. Neither party to this appeal filed a praecipe with the Clerk directing the preparation and inclusion of the transcript with this appeal.

{¶ 8} The trial court record also indicates that neither party filed objections to the magistrate's decision and findings. The trial court adopted the decision of the magistrate.

## Assignments of Error

{¶ 9} Appellant asserts three assignments of error for our review.

2.

Assignment of Error No. 1

The trial court erred and violated Appellant's due-process rights by entering judgment for possession where service of the eviction action and related notices was not properly made upon Appellant, but instead was left on the property and never actually received by Appellant.

Assignment of Error No. 2

The trial court erred by failing to apply and enforce Toledo's "Pay to Stay" tenant-protection ordinance, despite Appellant's efforts and ability to pay the rent, fees, or bond amounts required to cure any alleged nonpayment and avoid eviction.

Assignment of Error No. 3

The trial court erred in granting judgment for possession and permitting a writ to issue where Appellee had made a verbal agreement with Appellant permitting her continued occupancy of the premises, and Appellant relied on that agreement to her detriment.

## **Analysis**

### *Failure to file objections to the Magistrate's Decision and Findings*

{¶ 10} As we have noted, neither party filed any objections to the decision and findings made by the magistrate following the August 28, 2025 hearing. Civ.R. 53(D)(3)(b)(iv) provides that except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b). The failure to make a timely and specific objection to a magistrate's report, as required under the rule, results in a waiver of claimed error by the trial court in adopting a magistrate's findings of fact or conclusions of law. *Foos v. Foos,* 2009-Ohio-3398, ¶ 14-22 (6th Dist.), citing *Slough v. Slough*, 2009–Ohio–1746, ¶ 26 (6th Dist.); *Burns*

3.

*v. Burns*, 2008–Ohio–2483, ¶ 15 (6th Dist.); *Crites v. Crites*, 2004–Ohio–6162, ¶ 37 (6th Dist.).

**{¶ 11}** We view appellant's assignments of error as challenges to both the magistrate's decision and findings of fact. Accordingly, appellant's claims in this appeal are deemed waived, absent a showing of plain error. However, plain error review is limited to situations in which the error rises to the level of challenging the legitimacy of the underlying judicial process itself. *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 122 (1997).

**{¶ 12}** However, Rutherford has not argued, much less demonstrated, plain error in this case. As such, we decline to construct such an argument on behalf of appellant and we need not undertake a plain error analysis. *Quehl v. Roberts,* 2025-Ohio-4742 ¶ 15 (1st Dist.); *State v. Hager,* 2019-Ohio-4544 ¶ 28 (5th Dist.); *Dhillon v. Dhillon* 2024-Ohio-3022, ¶ 15 (8th Dist.); *In re:A.N.* 2009-Ohio-3167, ¶ 10 (9th Dist.).

**{¶ 13}** Nevertheless, even if we were to consider the service of process issue raised in this appeal, we would find no plain error. We held long ago that service of process for FED actions filed in Toledo Municipal Court are governed by the Rules of the Toledo Municipal. *G.K.G. Builders, Inc. v. Burgess*, 2014-Ohio-2431, ¶ 9-10 (6th Dist.). Local Rule 5 Forcible Entry and Detainer (D)(3)(b) deems service as being complete upon leaving a copy of the summons and complaint at the usual place of residence of the person to be served. Rutherford does not dispute that a copy of the summons and complaint was posted on the door of the rental unit. Rather, she argues that service of process failed because she was not personally served. Our review of the record does not show that this is

4.

an extremely rare case where reversal is warranted to avoid a manifest miscarriage of justice.

*Absence of a Transcript*

{¶ 14} Rutherford's appeal is also seriously hampered by her failure to submit a copy of the transcript of the underlying proceedings to this court. Appellant has not filed a praecipe to the Clerk to prepare a transcript of the proceedings.  It is appellant's duty to ensure that the record contains all that is necessary for the reviewing court to determine the appeal. *Camp-Out, Inc. v. Adkins,* 2007-Ohio-447 ¶20 (6Dist.),

{¶ 15} Where an authenticated transcript of proceedings in the trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court to dismiss the appeal, or to affirm the judgment of the court from which the appeal is taken. *Id.*, citing *Ford v. Ideal Aluminum*, 7 Ohio St.2d 9 (1966).

{¶ 16} Appellant's second and third assignments of error raise both factual and legal issues concerning "Toledo's Pay to Stay" ordinance and whether there was a verbal agreement between the parties concerning payment and possession.  Without a transcript, as a reviewing court, we are simply unable to evaluate the merits of appellant's arguments in this matter. *See State ex rel. Montgomery v. R & D Chem. Co.*, 72 Ohio St.3d 202, 204(1995).

**Conclusion**

5.

{¶ 17} On consideration whereof, the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24(A)(4).

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Thomas J. Osowik, P.J. | |
|---|---|
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.