[Cite as *Mancan, Inc. v. Al's Auto Servs., Inc.*, 2026-Ohio-1346.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| MANCAN, INC.,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>AL'S AUTO SERVICES, INC.,<br><br>    Defendant - Appellant | Case No. 2025CA00109<br><br>Opinion & Judgment Entry<br><br>Appeal from the Massillon Municipal Court, Case No. 2025-CVF-00706<br><br>Judgment:  Affirmed<br><br>Date of Judgment:  April 10, 2026 |

BEFORE: Andrew J. King, Kevin W. Popham, and David M. Gormley, Judges

APPEARANCES: Robert E. Soles Jr., Kara M. Dodson, and Robert E. Soles III (Law Offices of Robert E. Soles, Jr., Co., LPA), North Canton, Ohio, for Plaintiff-Appellee; John M. Jurco (John M. Jurco, LLC), St. Clairsville, Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**   Defendant Al's Auto Services, Inc. appeals a judgment of the Massillon Municipal Court finding Al's Auto in default and ordering that business to pay damages to plaintiff Mancan, Inc.  After a plain-error review of the record, we affirm the trial court's decision.

**The Key Facts**

**{¶2}**   In August 2024, Mancan and Al's Auto entered into an agreement for Mancan to provide temporary staffing services to Al's Auto.  The written agreement between them contained a clause forbidding Al's Auto from hiring any Mancan-provided employee for a period of 180 days after that employee stopped working at Al's Auto.  The agreement also called for Al's Auto to pay a fee to Mancan if that clause were violated.

**{¶3}**   In accordance with their agreement, Mancan provided temporary staff to Al's Auto, but Al's Auto then hired one of Mancan's workers as an Al's Auto employee

before the 180-day period had passed. That action prompted Mancan to file a lawsuit against Al's Auto alleging breach of contract and other claims.

{¶4} When Al's Auto failed to respond to the complaint, Mancan moved for a default judgment. The trial court set the motion for a hearing. Two days before the hearing date, Al's Auto filed a motion requesting a continuance. A magistrate denied that request, and the hearing was held on the scheduled date.

{¶5} A representative of Mancan and its counsel appeared at the hearing, and a representative of Al's Auto appeared unrepresented by counsel. The magistrate granted a default judgment and determined that Mancan was entitled to the amount that Mancan said was owed — roughly $2,800 — plus monthly interest of 18% and attorney's fees of nearly $3,000.

{¶6} Al's Auto did not file objections to the magistrate's decision. The trial court then approved and confirmed the magistrate's decision and entered the judgment recommended by the magistrate. Al's Auto now appeals.

**Two Hurdles Limit Our Review**

{¶7} Two procedural obstacles limit our review of the trial court's decision. First, because Al's Auto filed no objections to the magistrate's decision, our review is limited to plain-error review of the judgment. *See* Civ.R. 53(D)(3)(b)(iv) ("Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion . . . unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).").

{¶8} The overturning of a judgment based on plain error "is not favored" and should occur "only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic

fairness, integrity, or public reputation of the judicial process." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

{¶9} Second, Al's Auto has not provided us with a transcript of the hearing on Mancan's motion for a default judgment. Under Appellate Rule 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record . . . are transcribed." And Appellate Rule 9(B)(4) tells us that if an appellant "intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence," that party must ensure that "a transcript of proceedings that includes all evidence relevant to the findings or conclusion" is made part of the appellate record. *See also Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988) ("where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking the steps required to have the transcript prepared for inclusion in the record").

{¶10} Although Appellate Rule 11(C) allows for dismissal based on an appellant's failure to cause the record to be timely transmitted, Ohio courts have generally held that the failure to file the complete record does not warrant dismissal. *See Camp-Out, Inc. v. Adkins*, 2007-Ohio-447, ¶ 22 (6th Dist.) (noting that the practice in the Fourth, Seventh, Tenth, and Twelfth appellate districts is to not dismiss an appeal outright merely because a transcript was not included in the record and to instead address the lack of a transcript in connection with each assignment of error). We agree with the approach taken by these districts, and we decline to dismiss this appeal outright for the failure to provide the transcript of the hearing as part of the record on appeal. To the extent that Al's Auto alleges that errors occurred at the hearing, though, "we must presume the regularity of

the trial court's proceeding on the motion." *French v. French*, 2016-Ohio-5759, ¶ 14 (5th Dist.).

**We See No Plain Error in the Trial Court's Decision**

{¶11} In its first assignment of error, Al's Auto argues that the trial court erred in adopting the magistrate's decision because, according to Al's Auto, that decision was not supported by sufficient evidence.

{¶12} In a civil case, the plaintiff's burden of persuasion is the preponderance-of-the-evidence standard. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. But "evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *Id.* "When a defendant argues that the judgment in a civil case is supported by insufficient evidence, we must determine whether, viewing the evidence in the light most favorable to the plaintiff, a reasonable trier of fact could find in favor of the plaintiff." *Lubanovich v. McGlocklin*, 2014-Ohio-2459, ¶ 8 (9th Dist.), citing *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. We are also mindful in this case that Al's Auto failed to object to the magistrate's decision, limiting our review to plain error only.

{¶13} With no transcript of the hearing, we cannot evaluate the adequacy of any testimony presented there. The magistrate granted a judgment in the amount sought by Mancan. A copy of the agreement for services and the invoices Mancan sent to Al's Auto were attached to Mancan's complaint. The amount awarded by the magistrate to Mancan is the balance owed on the last invoice. As for the award of attorney's fees, there is nothing in the record for this court to review.

{¶14} Because Al's Auto cannot, without a transcript, demonstrate any shortcomings in the sufficiency of the evidence, we must presume that the evidence

presented did in fact support the amount awarded, and we certainly cannot say that the trial court clearly lost its way or created such a manifest miscarriage of justice that the judgment must be reversed.

**Al's Auto Received Proper Notice and an Opportunity to Be Heard**

**{¶15}** In its second assignment of error, Al's Auto argues that the trial court erred by not providing sufficient notice to Al's Auto about the date of the default-judgment hearing and by denying Al's Auto's motion to continue.

**{¶16}** Civil Rule 55(A) provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." "'The due process protections of Civ.R. 55 are triggered whenever the non-moving party . . . has already made an appearance in the case at issue.'" *Hamrick v. Maloof*, 2021-Ohio-1535, ¶ 12 (9th Dist.), quoting *Bank of New York v. Smith*, 2003-Ohio-4633, ¶ 7 (9th Dist.).

**{¶17}** The record shows that Al's Auto was served with Mancan's complaint by certified mail on March 20, 2025. When Mancan filed the motion for default judgment on April 21, 2025, Al's Auto had not made an appearance in the case. Even though Al's Auto had not yet appeared, the trial court — on June 6, 2025 — directed the clerk of the municipal court to serve Al's Auto with a notice scheduling a July 2, 2025 hearing on Mancan's motion for default judgment. Apparently having received that notice of the hearing, Al's Auto — on June 30, 2025 — filed its motion seeking a continuance. On the hearing date two days later, the magistrate denied that request.

**{¶18}** The record reflects, then, that Al's Auto was properly served with Mancan's complaint more than three months before the hearing. And then even though nothing in

Civil Rule 55 required that Al's Auto receive any other notice when the trial court scheduled the default-judgment hearing — because Al's Auto had at that point never filed an answer or any other document in the case — the trial court sent a notice to Al's Auto about the hearing 26 days before the hearing date.

{¶19} Al's Auto certainly received all of the due process to which it was entitled under the Civil Rules, and we also see no error in the trial court's denial of the continuance request that Al's Auto filed two days before the hearing. *See State v. Unger*, 67 Ohio St.2d 65, 67 (1981) ("The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge.").

{¶20} For these reasons, the judgment of the Massillon Municipal Court is affirmed. Costs are to be paid by Appellant Al's Auto Services, Inc.

By: Gormley, J.;

King, P.J. and

Popham, J. concur.